## 20667.   HEATING AND PLUMBING FINANCE CORPORATION *v.* PONDER *et al.*

DECIDED OCTOBER 7, 1930.

*E. Harold Sheats,* for plaintiff.

*Frank A. Doughman,* for defendants.

LUKE, J. The Heating & Plumbing Finance Corporation brought an action on a promissory note against Mr. and Mrs. Ponder. Both defendants pleaded that the plaintiff was not a bona fide holder of the note for value, and pleaded failure of consideration. Mrs. Ponder pleaded also that she was not liable for the reason that she was security on her husband's note. The judge of the municipal court of Atlanta rendered a judgment against the defendants, and the exception here is to the judgment sustaining the defendant's certiorari and remanding the case for another trial.

It appears from the answer to the certiorari that when the case came on for trial at the regular October term of court it was continued for the convenience of counsel upon the understanding that it would be tried within two or three weeks, "provided all parties consented thereto;" that the court failed to get counsel to fix a date for the hearing, and that the case was set for hearing at the next November term of court, without the judge's consulting counsel further, and that after evidence had been introduced the court rendered a judgment for the plaintiff at the November term of court.

The defendants' contention is that they had no notice of the trial and were denied their day in court. This insistence is not sustained by the record. The gist of the matter is that, in order to accommodate counsel, the court agreed to try the case at a time in vacation to be agreed on by counsel, that counsel never agreed upon any time for the trial, and that the case came on for trial at the next regular term of court, and that counsel for the plaintiff appeared and made out his case, and counsel for the defendants did not appear. The answer to the certiorari was not traversed, and there is no question of conflicting evidence. In these circumstances we are constrained to hold that the judge of the superior court erred in sustaining the certiorari and remanding the case for another trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*